**SEALED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

Case No. 8:13-CR-609-T-26TBM

DAMASO VENTE-BONILLA
a/k/a Macho,
JAIRO VALENCIA-MINA
a/k/a Pipillo, and
SILVIO SEGUNDO MICOLTA-
SINISTERRA a/k/a Silvio Luna

21 U.S.C. §§ 959 and 963
46 U.S.C. §§ 70503(a),70506(a) and (b)
21 U.S.C. §§ 853, 881, 970 – Forfeiture
28 U.S.C. § 2461(c) - Forfeiture
46 U.S.C. § 70507 - Forfeiture

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

From an unknown date, continuing thereafter up to and including the date of this Indictment, in the Middle District of Florida and elsewhere, the defendant,

DAMASO VENTE-BONILLA
a/k/a Macho,
JAIRO VALENCIA-MINA
a/k/a Pipillo, and
SILVIO SEGUNDO MICOLTA-SINISTERRA
a/k/a Silvio Luna

did knowingly and willfully combine, conspire and agree with other persons whose names are known and unknown to the Grand Jury to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, knowing and intending that such substance would be unlawfully imported into the United States, in violation of Title 21, United

1

States Code, Section 959.

All in violation of Title 21, United States Code, Sections 963 and 960 (b)(1)(B)(ii).

## COUNT TWO

From an unknown date, continuing thereafter up to and including the date of this Indictment, in the Middle District of Florida and elsewhere, the defendants,

DAMASO VENTE-BONILLA
a/k/a Macho,
JAIRO VALENCIA-MINA
a/k/a Pipillo, and
SILVIO SEGUNDO MICOLTA-SINISTERRA
a/k/a Silvio Luna,

did knowingly and willfully combine, conspire and agree with other persons known and unknown to the Grand Jury, to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b) and Title 21, United States Code, Section 960(b)(1)(B)(ii).

## **FORFEITURE**

1.  The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 21, United States Code, Sections 853 and 970; Title 46, United States Code, Section 70507; Title 21, United States Code, Section 881(a); and Title 28, United States Code, Section 2461(c).

2.  From his engagement in any or all of the violations alleged in Count One of this Indictment, in violation of Title 21, United States Code, Sections 960 and 963, punishable by imprisonment for more than one year, the defendant,

DAMASO VENTE-BONILLA
a/k/a Macho,
JAIRO VALENCIA-MINA
a/k/a Pipillo, and
SILVIO SEGUNDO MICOLTA-SINISTERRA
a/k/a Silvio Luna,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 970, incorporating the provisions of Title 21, United States Code, Section 853, all:

    a.  property constituting and derived from any proceeds the defendant obtained, directly or indirectly, as the result of such violations; and,

    b.  property used and intended to be used in any manner or part to commit or to facilitate the commission of such violations.

3. From his engagement in any or all of the violations alleged in Count Two of this Indictment, in violation of Title 46, United States Code, Sections 70503 and 70506, punishable by imprisonment for more than one year, the defendant,

> DAMASO VENTE-BONILLA
> a/k/a Macho,
> JAIRO VALENCIA-MINA
> a/k/a Pipillo, and
> SILVIO SEGUNDO MICOLTA-SINISTERRA
> a/k/a Silvio Luna,

shall forfeit to the United States, pursuant to Title 46, United States Code, Section 70507, Title 21, United States Code, Section 881(a), and Title 28, United States Code, Section 2461(c), all property subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(1) through (11) that was used or intended for use to commit, or facilitate the commission of, such offenses.

4. If any of the property described above as being subject to forfeiture as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred, sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), directly and as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

FOREPERSON

A. LEE BENTLEY, III
Acting United States Attorney

By: MARIA CHAPA LOPEZ
Assistant United States Attorney

By: JOSEPH K. RUDDY
Assistant United States Attorney
Chief, Narcotics Section

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

DAMASO VENTE-BONILLA
a.k.a Macho,
JAIRO VALENCIA-MINA
a.k.a Pipillo, and
SILVIO SEGUNDO MICOLTA-SINISTERRA
a.k.a Silvio Luna

## INDICTMENT

Violations: Title 21, United States Code, Sections 959 and 963,
Title 46, United States Code, Sections 70503(a), 70506(a) and (b)

A true bill,

_____
Foreperson

Filed in open court this 18th day, of December, 2013.

_____
Clerk

Bail $ _____

GPO 863 525

L:\_Criminal Cases\Vente-Bonilla, Damaso_2013R0_MCLV_Indictment Back Cover.docx